(October 10, 1985)

■ HARLEM SAVINGS BANK, Respondent, v INDEPENDENT LEASING CORP. et al., Appellants. INDEPENDENT LEASING CORP. et al., Appellants on the Counterclaims, v JEROME R. MC-DOUGAL et al., Additional Respondents on the Counterclaims. —Order, Supreme Court, New York County (Martin Evans, J.), entered June 29, 1984, granting plaintiff's motion to dismiss certain affirmative defenses to the extent of, *inter alia,* dismissing the second, fifth, sixth, seventh, tenth and eleventh affirmative defenses, unanimously reversed, to the extent appealed from, on the law, with costs and disbursements, and the fifth, sixth, seventh, tenth and eleventh affirmative defenses reinstated.

In this action to recover moneys due under a loan and security agreement, plaintiff, which had advanced sums of money to finance a car leasing operation, moved, pursuant to CPLR 3211 (b), to dismiss the affirmative defenses based on lack of consideration, unconscionability, discharge of obligation and release set up by the defendant borrower and guarantors. Without notice to the parties, however, Special Term converted the motion into one for summary judgment. That the court considered the matter so is obvious, as reflected by its observation that "it was incumbent upon defendants to produce proof in evidentiary form sufficient to raise an issue of fact as to the facts pleaded." Moreover, the motion was supported only by an affirmation from an attorney who, although he had access to a legal file and other documentation, lacked personal knowledge of the facts. In such circumstances it was improper to treat the motion as one for summary judgment. Contrary to plaintiff's argument, the procedural defect in converting the motion to one for summary judgment and the deficiency in its moving papers was not cured by the submission of a 51-page affidavit by defendant Allan Glick which, plaintiff contends, demonstrates the weakness of defendants' affirmative defenses and lack of a genuine issue. We have examined these defenses in the light of the factual matter submitted on the motion and conclude that they state a defense. Concur—Murphy, P. J., Kupferman, Sullivan, Carro and Lynch, JJ.